**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4832**

_____

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

     v.

JAMES IRVIN WEAKS, a/k/a Little Weaks,

                 Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00308-NCT-1)

_____

Submitted:  March 24, 2011          Decided:  April 4, 2011

_____

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Irvin Weaks appeals the 218-month sentence imposed following his guilty plea to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006) ("Count One"), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("Count Three"). Counsel for Weaks filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Weaks filed a pro se supplemental brief claiming that the district court imposed an unreasonable sentence on Count One based upon the enhanced penalties made available by 21 U.S.C. § 841(b)(1)(B) to defendants with prior felony drug convictions. Finding no reversible error, we affirm.

Because Weaks did not request a different sentence than the one ultimately imposed, we review his sentence for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (unpreserved sentencing errors reviewed only for plain error). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range,

2

treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We hold that the district court committed neither procedural nor substantive error during sentencing. The

3

district court used the correct advisory Guidelines range and explained its reasoning, considering both parties' arguments and the § 3553(a) factors.

Weaks objects to the elevation of his statutory minimum on Count One to ten years' imprisonment on the basis of his prior North Carolina drug conviction, arguing that it should not have been classified as a felony drug conviction for purposes of 21 U.S.C. § 841(b)(1)(B) because he was only subject to an eight-month maximum sentence for the North Carolina conviction. See 21 U.S.C. § 802(44) (2006) (defining "felony drug offense" as "an offense punishable by imprisonment for more than one year under any law of the United States or of a State"). We hold that, regardless of whether Weaks' prior conviction qualifies as a felony drug offense under Carachur-Rosendo v. Holder, 130 S. Ct. 2577 (2010), the district court's application of a ten-year statutory minimum on Count One was not plain error. Weaks' Guidelines range on Count One was higher than and unaffected by the ten-year statutory minimum, and the district court explicitly stated that it believed a sentence in the middle of the Guidelines range was appropriate. Because Weaks cannot show that any error in classifying his prior North Carolina conviction was plain or affected his substantial rights, Lynn, 592 U.S. at 577, we conclude that the district court did not commit plain error.

4

In accordance with <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Weaks, in writing, of the right to petition the Supreme Court of the United States for further review. If Weaks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Weaks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>